## IN THE SUPERIOR COURT OF GUAM

CARLINE BELLO BUKIKOSA and BELLA BELLO MARTINEZ,

                Plaintiffs,

v.

BENNY BENAVENTE BELLO, JOSEPHINE BELLO-DUENAS, GEORGE BENAVENTE BELLO, BELLO ENTERPRISES, BELLO FAMILY L.L.C., BELLO HOSPITALITY GROUP, and DOES IV through XV,

                Defendants.

Case No. CV0408-17

DECISION AND ORDER

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 18, 2019 for hearing on Defendants Benny Benavente Bello ("Benny"), Josephine Bello-Duenas ("Josephine"), and George Benavente Bello ("George") ("Defendants")'s Petition of Trustees for Authorization of Power to Sell a Real Property Trust Asset ("Petition"). Attorney Carlos L. Taitano represents Carline Bello Bukikosa ("Carline") and Bella Bello Martinez ("Bella"). Attorney Daniel J. Berman represents Benny. Attorney Phillip Torres represents George and Bello Hospitality Group ("Bello Hospitality"). Attorney Jeffrey A. Cook represents Bello Enterprises and Bello Family L.L.C. Attorney Jon A. Visosky represents Josephine. Having

duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendants' Petition.

## BACKGROUND

On September 4, 2019, Defendants filed their Petition. Defendants ask for authorization to sell Lot 154-2-1, Umatac, Guam, and Lot 154-R2-1, Umatac, Guam, held in the Bello Family Trust. Petition at 3. Specifically, Defendants ask the Court to confer upon them the power to sell the lots pursuant to 15 G.C.A. § 3305. *Id.* at 4. Plaintiffs oppose, arguing (1) the Court does not have the power to authorize the sale under the cited statute and (2) Defendants failed to satisfy Civil Rule 7.1. Plaintiff's Objections or Opposition to Defendants' Petition of Trustees for Authorization of Power to Sell a Real Property Trust Asset ("Opposition") at 2-6 (Nov. 14, 2019). Defendants reply, arguing the Court has jurisdiction to consider the Petition and that Civil Rule 7.1 was satisfied. Trustees' Reply Memorandum to Objections Re: Petition for Authorization to Sell Real property Trust Assets ("Reply") at 2-7 (Nov. 18, 2019). After hearing the arguments of the parties on November 18, 2019, the Court took the matter under advisement.

## DISCUSSION

**A. Defendant's failed to satisfy the requirements under CVR 7.1.**

Plaintiffs contend that Defendants failed to comply with Civil Rule 7.1 in failing to file a CVR 7.1 Form 1 with their Petition. Opposition at 6. Defendants respond by arguing that Civil Rule 7.1 was satisfied because the Petition was accompanied by the *Ex Parte* Motion which included CVR 7.1 Form 1. Reply at 7. A review of the record indicates Defendants failed to comply with Civil Rule 7.1.

/

Defendants' Petition was filed on September 4, 2019. The only other documents filed on September 4, 2019 were the Declaration of Petitioner Benny Benavente Bello's Counsel Re: Petition for Authorization of Power to Sell a Real Property Trust Asset and the [Proposed] Order Authorizing Power to Sell a Real Property Trust Asset. A CVR 7.1 Form 1 was not filed on September 4, 2019. Defendants then filed their *Ex Parte* Motion on September 20, 2019. This *Ex Parte* Motion was filed alongside a CVR 7.1 Form 1. In short, Defendants' Petition was not filed with a CVR 7.1 Form 1. Defendants' argument that the Petition was accompanied by the *Ex Parte* Motion on September 4, 2019 is incorrect, as the Petition and the *Ex Parte* Motion were filed sixteen (16) days apart.

Although Civil Rule 7.1 was not satisfied, the Court will entertain Defendant's Petition in the name of judicial economy. However, Defendants are admonished that failure to comply with Civil Rule 7.1 can result in motions and petitions filed with the Court to "not be considered" in this Court. Civil Rule 7.1(f).

**B.     The Court does not have the power to authorize the actions requested.**

Defendants assert the Court has the authority to confer the power to sell trust assets to Defendants pursuant to 15 G.C.A. § 3305. Petition at 4. Plaintiffs oppose, arguing that because the Bello Family Trust is an inter vivos trust, the Court lacks jurisdiction under Defendants' cited statute to authorize such a sale. Opposition at 2-4. Defendants reply on three grounds: (1) the Court can authorize the sale pursuant to its general jurisdiction and equity powers; (2) the Bello Family Trust is a pour-over testamentary trust, not an inter vivos trust, thus making 15 G.C.A. § 3305 the proper channel for the sale; and (3) the Bello Family Trust grants the power to dispose of trust property to the trustees. Reply at 2-6. The Court finds that it lacks the power under to authorize the sale for which Defendants petitioned.

## 1. The Bello Family Trust is an inter vivos trust.

Defendants contend that the Bello Family Trust was created as a testamentary trust rather than an inter vivos trust. Specifically, Defendants argue that because the Bello Family Trust "could not be considered a previous Inter Vivos trust for lack of a thing or *res* prior to the Superior Court's grant of its Final Decree and Distribution of assets from the Estate of Dolores Bello to Trust." Reply at 4. Plaintiffs argue that the settlors of the trust, Dolores Benavente Bello and Jose Benavente Bello, created the trust during their lifetimes, making the trust an inter vivos trust. Opposition at 4. The record and the Probate Court's findings in PR0142-11 indicate that the Bello Family Trust is an inter vivos trust.

In PR0142-11, the Probate Court determined that the Bello Family Trust is an inter vivos trust: "That Article Fourth of Decedent's Will makes reference to that certain *Inter Vivos* Trust created immediately prior to the execution of the Will, executed by Decedent and her predeceased husband, Jose B. Bello, as Settlors, and therein designated as the Bello Family Trust . . . ." *In the Matter of the Estate of Bello*, PR0142-11, Decree of Final Distribution at 2 (Mar. 23, 2015) (emphasis in original). While the issue does not appear to have been raised in the probate proceedings, the Probate Court's finding that the Bello Family Trust was an inter vivos trust was proper and necessary under statute: "In its order or decree of final distribution, the Superior Court must name the persons and the proportions or parts to which each is entitled . . . ." 15 G.C.A. § 3013. As such, "it was the duty of the probate court to interpret the will and determine whether the intervivos trust agreement was part of the will." *Wells Fargo Bank & Union Tr. Co. v. Superior Court*, 193 P.2d 721, 725 (Cal. 1948). Such a finding is necessary for the Probate Court to make a proper final distribution.

/

The Court finds no compelling reason to disturb the Probate Court's finding. If Defendants believe the Probate Court erred in its finding that the Bello Family Trust is an inter vivos trust, the proper channel was to file for reconsideration of the Decree of Final Distribution in PR0142-11.

**2. The Court's power to authorize a sale under 15 G.C.A. § 3305 does not apply to inter vivos trusts.**

Defendants cite 15 G.C.A. §§ 3301 *et seq.* in support of their assertion that the Court has the power to authorize the sale. This statute provides that "When a *trust created by a will* continues after distribution, the Superior Court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass . . . and for the other purposes hereinafter set forth." 15 G.C.A. § 3301 (emphasis added). Section 3305 lists the additional powers the Court may confer upon the trustee of such a trust, such as the power to dispose and the power to sell. However, fatal to Defendants' Petition is the fact that the Probate Court in PR0142-11 already found the Bello Family Trust to be an inter vivos trust.

Therefore, because the Bello Family Trust is an inter vivos trust, the Court lacks authority to confer the powers enumerated under 15 G.C.A. § 3305 to Defendants.

**3. While the Court has jurisdiction to entertain the Petition, it does not have the power to authorize the actions for which Defendants petition.**

Defendants cite *Wells Fargo Bank & Union Trust Co. v. Superior Court*, 193 P.2d 721 (Cal. 1948) for the proposition that the Court has jurisdiction to consider the present Petition. Reply at 2. It is true that this Court has jurisdiction to consider the petition: "the probate court was not the only court that could have jurisdiction to approve or disapprove the entire

transaction." *Wells Fargo*, 193 P.2d at 727. However, the distinction to be made is whether the Court has the authority to "approve or disapprove the entire transaction," not simply whether the appropriate court is the Probate Court or a court of general jurisdiction. *Id.* The former is what is at issue in this instance. As explained above, the Court does not have the authority to "approve or disapprove the entire transaction" under Title 15. *Id.*

Defendants further raise the Court's "broad equitable powers" as further support that the Court has the authority to confer the power to sell the trust assets. Reply at 3. However, Defendants' Petition requests the Court to confer specific statutory power under Title 15 upon the trustees. Defendants did not petition this Court to exercise equitable powers to authorize the sale of the trust assets. Further, Defendants provide no argument as to how the Court can authorize such a sale pursuant to equitable powers. To grant the power to sell the trust assets on a basis other than that for which Defendants petitioned would be improper.

4. **Article G of the Bello Family Trust has no bearing on whether the Court has the authority to authorize the sale of trust assets pursuant to 15 G.C.A. § 3305.**

Defendants cite Article G of the Bello Family Trust in support of their position that they have the authority to sell the trust assets. Article G provides, in relevant part, that "The Trustees may bargain, sell, lease . . . or otherwise dispose of any property in any trust herein created or any property subsequently acquired . . . ." Second Amended Complaint, Decl. of Bello Family Trust at 21-22 (Aug. 21, 2018). However, this provision has no bearing on whether the Court has the authority to confer the power to sell to Defendants pursuant to 15 G.C.A. § 3305, the powers for which Defendants petitioned. Rather, the language indicates Court approval is not

required: " . . . the Trustees shall have the follow powers and duties . . . to be exercisable without order, license or *leave of the court.*" Bello Family Trust at 21-22 (emphasis added).

While the Court understands Defendants' desire to conduct the sale in an open and careful manner, Defendants have petitioned the Court for authority to sell under 15 G.C.A. § 3305. The Court does not see the relevance of Article G to the Court's authority to order the sale, considering Article G specifically provides that the trustees have the power to do so without leave of the Court.

The Court finds that it lacks the power under to authorize the sale for which Defendants petitioned.

## CONCLUSION

For the reasons stated above, Defendants' Petition is **DENIED**. The Court does not have the authority under 15 G.C.A. § 3305 to authorize the trustees of the Bello Family Trust to sell the lots in question.

**IT IS SO ORDERED** this 5th day of February, 2020.

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of

*Tuitano, Berman, Torres, Cook, Visosky*

Date 2/5/20  3n

Deputy Clerk, Superior Court of Guam